**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | December 7, 2016 | Docket #: | 16-14652 |
| Debtor: | Timothy R Pickette | Co-Debtor: | |
| SS#: | xxx-xx-8597 | SS#: | |
| Address: | 7 Winship way<br>Stoughton, MA 02072 | Address: | |
| Debtor's Counsel: | Douglas M. Surprenant | | |
| Address: | 40 S. Franklin St<br>Holbrook, MA 02343 | | |
| Telephone #: | 781-767-9300 | | |
| Facsimile #: | 781-767-9303 | | |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

PRE-CONFIRMATION CHAPTER 13 PLAN

FIRST AMENDED CHAPTER 13 PLAN

Docket No.: 16-14652

DEBTOR(S):  (H)  **Timothy R Pickette**         SS#  xxx-xx-8597

            (W)  _____         SS#  _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ __880.00__ for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☑ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____ ;or

☐ ____ Months. The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Wells Fargo Home Mortgage | Pre-petition arrears | $ 41,521.53 |

Total of secured claims to be paid through the Plan  $  41,521.53

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Wells Fargo Home Mortgage | Mortgage |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| -NONE- | | |

D. Leases:

    i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **Ford Motor credit - Leased by Debtor's wife** .

    iii. The arrears under the lease to be paid under the plan are **0.00** .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| IRS | | $ 4,477.13 |

Total of Priority Claims to Be Paid Through the Plan  $ **4,861.72**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **1,500.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **0** % of their claims.

  A. General unsecured claims:  $ **33,422.98**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):  $ **33,422.98**

D. Multiply total by percentage:  $ **0.00**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%    $ _____ 0.00

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

A) Secured claims (Section I-A Total): $ 41,521.53
B) Priority claims (Section II-A&B Total): $ 4,477.13
C) Administrative claims (Section III-A&B Total): $ 1,500.00
D) Regular unsecured claims (Section IV-D Total):+ $ 0.00
E) Separately classified unsecured claims: $ 0.00
F) Total of a + b + c + d + e above: =$ 47,498.66
G) Divide (f) by .90 for total including Trustee's fee:
    Cost of Plan= $ 52,776.28
    (This represents the total amount to be paid into the Chapter 13 plan)
H. Divide (G), Cost of Plan, by Term of Plan,    60 months
I. Round up to nearest dollar for Monthly Plan Payment:    $ 879.60

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 7 Winship Way Stoughton, MA 02072 Norfolk County | $ 388,648.00 | $ 417,235.09 |

Total Net Equity for Real Property: $ 0.00
Less Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 0.00

B. Automobile (Describe year, make and model):

**2004 Ford F250 308000 miles**    Value $ __**2,380.00**__  Lien $ __**0.00**__  Exemption $ __**2,380.00**__

Total Net Equity:              $ **2,380.00**
Less Exemptions (Schedule C):  $ **2,380.00**
Available Chapter 7:           $ **0.00**

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)
**Household Goods**
**TVs, computer, and cell phones**
**Clothing**
**Cash**
**Bank of Easton**
**Joint checking xxx**
**Bank of Easton**
**business checking**
**T Pickette Painting**
**Ladders ($400), 2 spray machines ($2000), misc supplies**

Total Net Value:               $ **10,600.00**
Less Exemptions (Schedule C):  $ **10,600.00**
Available Chapter 7:           $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ __**0.00**__

E. Additional Comments regarding Liquidation Analysis:


IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

_____        __4/3/17_____
**Douglas M. Surprenant**                    Date
Debtor's Attorney
Attorney's Address:  **40 S. Franklin St**
                     **Holbrook, MA 02343**
           Tel. #:   **781-767-9300 Fax:781-767-9303**
           Email Address:  **dougcanhelp@aol.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date    __4/3/17_____        Signature  _____
                                             **Timothy R Pickette**
                                             Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

In Re:  Timothy R Pickette
Debtor

Case No: 16-14652

## CERTIFICATE OF SERVICE

**The undersigned hereby certifies** that I electronically filed his First Amended Chapter 13 Plan with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF system and thus electronically served the within documents on the following interested parties:

- Carolyn Bankowski-13    13trustee@ch13boston.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV

**Manual Notice List** Served by U.S. Mail:

See attached matrix

_____     April 3, 2017
Doug Surprenant, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0101-1<br>Case 16-14652<br>District of Massachusetts<br>Boston<br>Mon Mar 13 15:07:40 EDT 2017 | Boston<br>U. S. Bankruptcy Court<br>J.W. McCormack Post Office & Court House<br>5 Post Office Square, Suite 1150<br>Boston, MA 02109-3945 | Arrow Financial Services<br>Law Office Gary Kreppel<br>1661 Worcester Rd<br>Suite 401<br>Framingham, MA 01701-5405 |
| (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Lustig, Glaser & Wilson, P.C.<br>PO Box 549287<br>Waltham, MA 02454-9287 | Massachusetts Department of Revenue<br>ATTN: Bankruptcy Unit<br>P.O. Box 9564<br>Boston, MA 02114-9564 |
| Portfolio Recover Associates<br>120 Corporate Blvd.<br>Ste. 100<br>Norfolk, VA 23502-4952 | Stoughton District Court<br>1288 Central St<br>Stoughton, MA 02072-4419 | U.S. Bank National Association, as Trustee<br>C/O Wells Fargo Bank, N.A., as servicer<br>Default Document Processing N9286-01Y<br>1000 Blue Gentian Road<br>Eagan, MN 55121-7700 |
| Wells Fargo Home Mortgage<br>PO Box 10335<br>Des Moines, IA 50306-0335 | Carolyn Bankowski-13<br>Chapter 13 Trustee Boston<br>P. O. Box 8250<br>Boston, MA 02114-0950 | Doug Surprenant<br>Law Office of Doug Surprenant<br>40 S. Franklin St.<br>Holbrook, MA 02343-1421 |
| John Fitzgerald<br>Office of the US Trustee<br>J.W. McCormack Post Office & Courthouse<br>5 Post Office Sq., 10th Fl, Suite 1000<br>Boston, MA 02109-3901 | Timothy R. Pickette<br>7 Winship way<br>Stoughton, MA 02072-3760 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

IRS
Andover, MA 05501

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)U.S. Bank National Association, as Trustee

End of Label Matrix<br>Mailable recipients    13<br>Bypassed recipients    1<br>Total    14